**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**

vs                    **CAUSE NUMBER: 3:10-cr-00017-WHB-LRA**

**PATRICIA ANN SULLIVAN**
a/k/a Patricia Hallmon Sullivan
a/k/a Patricia Odom

**MOTION FOR DISCOVERY PURSUANT TO RULE 16(a)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE;
S.D. MISS. LOCAL RULE 26.1
AND RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**

**COMES NOW M. Kevin Horan** attorney for *Defendant Patricia Ann Sullivan* to file this *Motion For Discovery Pursuant To Rule 16(a) of Federal Rules of Criminal Procedure Local Rule 26.1 and Rule 404(b)*, and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *and the Jencks Act, 18 U.S.C. 3500. of Federal Rule of Evidence* and hereby moves this Honorable Court to furnish defense counsel copies of the following evidence in the possession, custody or control of the Government or its attorney, or known to the Government or its attorney, or which by the exercise of due diligence may become known to them and moves this Honorable Court to order the attorney for

1

the Government to permit the Defendant to inspect, copy or photograph or to furnish copies of the following:

1. Any written or recorded statement of Defendant, or copies thereof within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the Government, as required under ***Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure***.

2. The substance of any oral statement which the government intends to offer in evidence at trial made by Defendant, whether before or after arrest and in response to interrogation by any person known to the Defendant to be a Government agent, as required by ***Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure***.

3. A copy of Defendant's prior criminal record, if any, within the possession, custody or control of the Government, the existence of which is known, to the attorney for the Government, as required by ***Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure***.

4. All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the Government and which are material to the preparation of Defendant's defense

or intended for use by the Government as evidence at trial or were obtained or belong to Defendant, as required by *Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure*.

5. Results and reports of physical or mental examinations and of scientific tests and experiments, or copies thereof, which are within the possession custody or control of the Government, or the existence of which are known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of Defendant's defense herein or are intended for use by the Government as evidence in its case-in-chief at trial as required by *Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure.*

6. Defendant further requests all records, reports, memoranda, notes or other written records

containing the substance of any oral statement made by any person to the government, to government agents or authorities, or any and all persons, agents who assisted the government in conducting an investigation in contemplation of or in furtherance of cooperating with or providing information to the government. *See Fed. R. Crim. P. 16*. This request includes internal reports and memoranda or notes or other writings prepared by government agents, attorneys, or investigators or persons

working for or on behalf of the government, to the extent that any statements are related or described. Where any statement is contained in more than one writing, defendants request each such writing. In addition to requesting any written records of such oral statements, defendant hereby requests that the government be ordered to disclose the substance of any oral statements made to the government, to government agents or authorities, or to other persons who assisted the government in conducting its investigation. ***See Fed. R. Crim. P. 16(a)(1)(A).***

7. Without limiting any of the above requests, defendant specifically requests the following discovery:

    A. Any written, recorded, transcribed or oral statements and communications in what ever format made from on or about January, 2006, to February 17, 2010, in the Southern District of Mississippi.

    B. Any recordings, notes, memoranda, 302 Statements, "surrendered electronic communications" which were "recovered from a work computer which was or was considered to be utilized for any business, and all other reference no matter what format provided to the IRS, FBI, agents, law enforcement personnel and the government.

    C. Any reports, due diligence, corporate documents, research, interviews, 302 Statements, memoranda, "background information", other

information and background investigations as to the preparation and presentations to the IRS, its operations and activities no matter how this was obtained and held. This to include each and every individualized incoming and outgoing transmission, the names, contact information, email address, reports, investigations, background reports and investigations, criminal records, criminal investigations and all other information in any format as to the each and every "taxpayer"and every "as the defendant then and there well knew and believed, the said taxpayers were not entitled to claim deductions and credits in said amounts."

D. A complete list of all the persons, contact information, location, transmission venue, dates of each and every contact, form of each and every contact, recorded or written communication, responding communication and the like that are considered "taxpayers."

E. All reports, documents, communications, transmissions, papers, investigations etc listed in Counts 1 through 16 of the Indictment filed regardless of how held, stored, recorded, transcribed or otherwise held.

I. All phone records, electronic communications, transmissions in and out

for any form of communication regardless of how obtained or how held with any form of reference to Patricia Ann Sullivan, Patricia Hallmon Sullivan and Patricia Odom or the business of these persons.

   J.    All materials, documents, reports, interviews, 302 Statements, IRS reports, inter-agency reports, information, files, memoranda, and all other things that are to be, might be or could be used to support any form of overt act contemplated to be associated with the case-in-chief or for any other purpose obtained by the government or agents regarding this prosecution.

8. Defendants further request any statements by witnesses, documents, or information reflecting favorably on defendants' characters or reputations for truthfulness.

9. Defendants further request the statements of all persons having relevant information about this case, whether sworn or unsworn, whether or not the government believes in the credibility of the statement or not, that are exculpatory and helpful to the defense. This request includes, without limit, statements that are exculpatory and helpful to defendants; the names and addresses of all people whom the government asked whether they would and/or could implicate defendants in any criminal wrongdoing and who would not

and/or could not so implicate defendants; and the names and addresses and statements of all people whether indicted or not who have confessed to acts that form the basis for the indictment.

10. Defendants further request a detailed description of all discussions of potential criminal or civil liability, or the potential consequences of same, or the potential resolution or avoidance of same, or any discussion of or promises or grants of immunity, lenience, financial assistance, or any other assistance to any person the government intends to or may call as a witness or upon whose statements the government will or may rely. The request includes but is not limited to any help or promise to help the witness in his profession or business or any promise not to jeopardize his profession or business. This request also includes all help or promises of help (including but not limited to money and leniency) given to such person for his work, information, or testimony in this case or any other case. This request includes all correspondence, email, or notes of conversations between attorneys or agents of any branch of the government, on the one hand, and any potential government witness or cooperating person or entity or counsel therefore, on the other hand, regardless of whether such potential witness or cooperating person or entity will in fact testify for the government. This request also include all proffers of any witness and all information that reveals the

process by which any witness and the government reached a leniency agreement.

11. Defendants further request a detailed description of any situation where a prosecution witness could be named as a defendant or co-conspirator in this or any other case but has not as yet been charged, and any threat to charge or prosecute this witness or promise not to charge or prosecute the witness.)***See Giglio*, 405 U.S. at 150; *United States v. Sutton*, 542 F.2d 1239, 1242 (4th Cir. 1976); *United States v. Gerrard*, 491 F.2d 1300, 1304 (9th Cir. 1974)**.

13. Defendants further request any and all information relevant to the credibility of government witnesses and which may be used as the basis for impeachment of such witnesses. Such information includes but is not limited to (1) evidence of prior convictions; (2) evidence of past or ongoing criminal conduct which has not been prosecuted but of which the government is, or should with reasonable diligence, be aware; (3) evidence of any professional misconduct or disciplinary infractions; (4) any and all benefits provided by the government to the witness or members of his or her family, including any benefits conferred pursuant to the Witness Security Reform Act of 1984; (5) instances, including amounts and dates, of payments made to, or on behalf of, the witness or members of his or her family for any purpose, including rewards, subsistence, salary,

commissions, housing, medical and dental treatment, as well as treatment for counseling and substance abuse; (6) any information suggesting that the witness is mentally ill or has in the past suffered from or been treated for mental illness; (7) instances of intervention by the United States, or other law enforcement agencies, on the witness' behalf with local, state, federal or foreign police, prosecution, regulatory, correctional or paroling authorities; (8) any cooperation agreements; and (9) instances where the witness has made prior statements – whether currently reduced to writing or not – which are inconsistent with later statements or the witness's anticipated trial testimony. Defendants further request that the government be ordered to preserve all rough interview notes of potential witnesses, including any such notes prepared by state or federal agents, attorneys or regulatory authorities, for potential disclosure under ***Brady or the Jencks Act, 18 U.S.C. § 3500. See United States v. Bagley, 473 U.S. 667 (1985); Giglio, 405 U.S. at 150.***

13. Defendants request that the government be ordered to produce forthwith all witness statements, documents, and information required to be produced under the ***Jencks Act, 18 U.S.C. § 3500***, including but not limited to handwritten and other informal or rough notes. Defendants request that the government be ordered to produce the requested information required by the Jencks Act one

week before commencement of the trial in this matter. Early disclosure of Jencks Act materials is necessary to permit defendants to prepare effectively for trial and will minimize the likelihood that any defendant will need to move to continue the deadlines set in this matter regarding pre-trial motions.

14. Defendants request any evidence or information regarding any "prior similar act" or any other alleged uncharged misconduct evidence, covered by ***Rules 609 or 404(b) of the Federal Rules of Evidence***, that the government may seek to introduce at trial and the theory of its admissibility. In addition, defendants request any allegations of misconduct that the government may seek to use for impeachment or other purposes at trial.

**WHEREFORE**, the Defendant requests that this request be processed and the items responsive to this discovery request not provided as of this date be delivered to undersigned counsel within not more than five (5) days from the date of this request.

Respectfully submitted this the 21ST day of April, 2010.

>	*s/ M. Kevin Horan*
> M. Kevin Horan, MBA #2638
> Horan & Horan PLLC
> 1500 Gate Way - Post Office Box 2166
> Grenada, Mississippi 38902-2166
> Telephone: (662) 226-2185
> Facsimile: (662) 226-2127
> E-mail: horanandhoran1@bellsouth.net

## CERTIFICATE OF SERVICE

I, M. Kevin Horan, attorney for ***Defendant Patricia Ann Sullivan*** does hereby certify that a true and correct copy of the above Motion For Discovery was electronically filed in the above styled and numbered matter with the Clerk of the United States District Court using the ECF system which has sent notification of same to the following:

> The Honorable David Michael Hurst , Jr.
> U. S. ATTORNEY'S OFFICE - Jackson
> 188 E. Capitol St., Suite 500
> Jackson , MS 39201
> 601/973-2880
> Fax: 601/965-4409
> Email: mike.hurst@usdoj.gov

*s/ M. Kevin Horan*
M. Kevin Horan, MBA #2638
*Certifying Attorney*