IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:10cr17WHB-LRA

PATRICIA ANN SULLIVAN
a/k/a Patricia Hallmon Sullivan
a/k/a Patricia Odom

**GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTIONS TO DISMISS COUNTS ONE THROUGH SIXTEEN**

COMES NOW the United States Attorney, by and through his undersigned assistant, and files this consolidated response to the Defendant's sixteen separate motions to dismiss each count of the indictment. For the following reasons, the Defendant's motions must be denied.

On September 15, 2010, the Defendant filed sixteen separate motions to dismiss, each motion addressing a separate, individual count of the indictment. Ct.R.Doc. 31-47.[1] The only differences the undersigned could ascertain in all sixteen motions were the count number listed in each motion and factual allegations taken from the indictment associated with that particular count number. All other aspects of the motions appear to be almost exactly the same.

The Defendant peppers the Court with a wide array of incoherent and incohesive arguments that are hard to identify and comprehend. It appears the Defendant's main arguments in support of her motions to dismiss are: (1) the indictment is insufficient on its face; (2) prosecutorial misconduct for "side-stepping" civil remedies before pursuing criminal action; and

---

[1] "Ct.R. Doc." references the document number of the Court record of this case.

(3) selective prosecution.² The Government will respond to each argument separately below.

I.     Indictment Is More Than Sufficient On Its Face

The Defendant argues sporadically throughout her motions that there is not enough information set forth within the four corners of the indictment to sufficiently charge a crime. This simple regurgitation by the Defendant of her Motion for a Bill of Particulars was amply addressed by the Government in its Response in Opposition to the Defendant's Motion for Bill of Particulars, *see* Ct.R.Doc. 48, and as such, this argument should be denied.

"As a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, we are required to 'take the allegations of the indictment as true and to determine whether an offense has been stated.'" *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir.1998)). "[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Bearden*, 423 F.2d 805, 810 (5th Cir.1970) (citations omitted). "We have previously stated that although an indictment must inform the defendant of every element of the crime of which he is accused, an indictment need not track statutory language." *United States v. Boyd*, 885 F.2d 246, 249 (5th Cir.1989). An indictment need not precisely track statutory language because the "basic purpose" of an indictment is "to inform a defendant of the charge against him." *United States v. Hoover*, 467 F.3d 496, 499 (5th Cir.2006). Thus, " '[t]o be sufficient, an indictment must conform to minimal constitutional standards, standards that are met where the indictment alleges every element of the

---

² If the Government has failed here to successfully identify and extract a particular argument made by the Defendant in her multiple motions, the Government would request permission from the Court to address such argument(s) before this Court rules on that/those argument(s).

crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in a subsequent proceeding.' " Id. (quoting *United States v. Partida*, 385 F.3d 546, 554 (5th Cir.2004)). Those minimal constitutional standards therefore do " 'not compel a ritual of words.' The validity of an indictment is governed by practical, not technical considerations." *United States v. Crow*, 164 F.3d 229, 235 (5th Cir.1999) (internal citation omitted) (quoting *United States v. Devoll*, 39 F.3d 575, 579 (5th Cir.1994)).

Here, the indictment not only tracks the statutory language set forth in 26 U.S.C. § 7206(2), but it also sets forth the essential elements of the offense as well as actual facts corresponding with those elements to support a conviction. *See* Ct.R.Doc. 1; *See also* Ct.R.Doc. 48 at 4-5 (detailing elements and facts in indictment). The clarity and certainty of the indictment clearly apprises the Defendant of the charges against her, and as such, the Defendant will be able to more than adequately present her defense, avoid any surprise at trial, and effectively invoke the double jeopardy clause in any subsequent proceeding. For these reasons, the Defendant's motions must fail on this argument.

II.     No Prosecutorial Misconduct For Charging Crime Instead of Seeking Civil Injunction

The Defendant next argues that the Government has violated some type of illusory "stair-step of effective and properly productive Congressionally-mandated remedies" which the Defendant argues supposedly requires the United States Department of Justice to seek civil injunctions against tax preparers who break the law before pursuing criminal prosecutions. However, the only authorities cited by the Defendant for her outlandish argument are sections from the Subchapter of Title 26 of the United States Code dealing with Civil Actions by the United States, an Eleventh Circuit case addressing a district court's discretion in completely

enjoining individuals civilly from acting as return preparers, and the United States' complaint in that Eleventh Circuit case.

"In our criminal justice system, the decision whether to prosecute an individual is vested with the government." *United States v. Lawrence*, 179 F.3d 343, 347 (5th Cir. 1999) (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985); *United States v. Sparks*, 2 F.3d 574, 580 (5th Cir.1993)). "We allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." *Lawrence*, 179 F.3d at 348 (citing *United States v. Batchelder*, 442 U.S. 114, 124 (1979)). "A decision to prosecute is within the United States Attorney's substantial discretion and is generally not subject to judicial review absent a showing of actual vindictiveness or an equal protection violation." *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir.1986) (footnotes omitted). "As a general rule, then, substantial deference is accorded decisions requiring the exercise of prosecutorial discretion." *Lawrence*, 179 F.3d at 347.

Although creative and wishful, the Defendant's argument here fails for lack of binding case precedent or statutory authority. Contrary to Defendant's assertion, there is no prosecutorial "StairMaster" that the Government must climb in sequential order beginning with administrative or civil remedies before it may prosecute an individual criminally. The Defendant has neither alleged nor shown any actual vindictiveness or an equal protection violation in this case, and as such, substantial deference is given to the Government's decision as to whom to prosecute and for what offenses. Therefore, the Defendant's motions to dismiss on this argument clearly must be denied.

III. <u>No Selective Prosecution of Defendant</u>

Finally, after acknowledging long-held precedent affirming a prosecutor's broad discretion regarding whether to prosecute, whom to prosecute and what to charge, the Defendant argues that there was some type of selective prosecution in this case because: (1) the Defendant alleges that the case agent "on more than one occasion referred to the defendant and defining [sic] her by using the '**N' word**[;]" and (2) the lack of criminal charges against other parties allegedly involved in this crime committed by the Defendant. The baseless, unsubstantiated and slanderous allegations by the Defendant as to the case agent's conduct, coupled with the insufficiency of her "uncharged parties" argument, completely fail to prove selective prosecution and as such the Defendant's motions to dismiss based on this argument must fail.

As noted above, the Fifth Circuit held in *Ballard* that a person must show "actual vindictiveness or an equal protection violation" in order to be subject to judicial review. *Ballard*, 779 F.2d at 295. As the Defendant notes in her motions, the U.S. Supreme Court has stated that, under the equal protection argument, the Defendant would be required "to show both that the passive enforcement system had a <u>discriminatory effect</u> and that it was <u>motivated by a discriminatory purpose</u>." *Wayte*, 470 U.S. at 608 (emphasis added) (citations omitted). The Defendant fails to meet these exceedingly high thresholds in her motions, even when she contends that all of her arguments should be judged cumulatively.

First, the Government would request a hearing on this matter to determine from the Defendant the specific allegations of racially-motivated actions taken against the Defendant, in order to find out what was said, when it was said, and by whom, as the Government has no evidence, or even a colorably, veracious indication, that such an occurrence or occurrences took

5

place.  To the contrary, the undersigned has consulted the case agent, who was always accompanied by another IRS agent when she met with the Defendant, and the undersigned has been assured that the Defendant's incredulous allegations simply did not happen.

Second, the fact that other parties have not been charged, without more, is not enough to support an allegation of a "discriminatory effect" or motivation "by a discriminatory purpose." In fact, the language of Section 7206(2) itself states that a person can violate this criminal statute "whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return." 26 U.S.C. § 7206(2); *See also United States v. Jackson*, 452 F.2d 144, 147 (7th Cir.1971) ("the innocence or guilty knowledge of a taxpayer is irrelevant to [a section 7206 prosecution]."); *United States v. Rowlee*, 899 F.2d 1275, 1279 (2d Cir.1990) ("In fact, the guilt or innocence of the taxpayer for whom the return was filed is irrelevant to the question of the adviser's guilt.").  The Defendant has utterly failed to set forth with any specificity how a prosecutorial decision to charge or not to charge individuals in this case had a discriminatory effect or was motivated by a discriminatory purpose.

Therefore, in light of a complete lack of evidence to support her equal protection argument of selective prosecution, the Defendant's motions to dismiss under this argument must be denied.

Respectfully submitted,

DONALD R. BURKHALTER<br>
United States Attorney

By:  /s/ D. Michael Hurst, Jr.
D. MICHAEL HURST, JR.
Assistant U.S. Attorney
MS Bar. No. 99990

CERTIFICATE OF SERVICE

  I hereby certify that on September 21, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the attorney of record.

  This the 21st day of September, 2010.

                  /s/ D. Michael Hurst, Jr.
                  D. MICHAEL HURST, JR.
                  Assistant U.S. Attorney
                  MS Bar No. 99990