IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    CRIMINAL NO. 3:10-cr-17-WHB-LRA

**PATRICIA ANN SULLIVAN**

                        <u>**OPINION AND ORDER**</u>

This cause is before the Court on Defendant's motions seeking dismissal of the counts charged against her in this criminal case. Having considered the Motions, Response, the Indictment, as well as supporting and opposing authorities, the Court finds Defendant's Motions to Dismiss are not well taken and should be denied.

                        **I.  Background**

On February 17, 2010, the federal grand jury returned an indictment against Defendant, Patricia Ann Sullivan ("Sullivan"), a paid tax return preparer, charging her with sixteen violations of 26 U.S.C. § 7206(2).  The subject indictment charges that Sullivan:

> [D]id willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040 ... which were false and fraudulent as to material matters, in that they represented that [certain] taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions and credits for items and in amounts hereafter specified, whereas, as the defendant then and there well knew and believed, the said taxpayers were not entitled to claim deductions and credits in said amounts.

<u>See</u> Indictment, ¶ 1.  Repeating the above quoted allegations, the indictment further charges:

Count 1: On April 18, 2005, taxpayer "J.N." falsely claimed items including itemized deductions, business and educator expenses, and tuition deductions totaling $48,644 for tax year 2004.

Count 2: On March 6, 2006, taxpayer "J.N." falsely claimed itemized deductions totaling $45,693 for tax year 2005.

Count 3: On February 20, 2006, taxpayer "L.G." falsely claimed itemized deductions and exemptions totaling $40,927 for tax year 2005.

Count 4: On February 26, 2007, taxpayer "L.G." falsely claimed itemized deductions totaling $35,077 for tax year 2006.

Count 5: On May 1, 2006, taxpayer "B.B." falsely claimed itemized deductions and business expenses totaling $63,357 for tax year 2005.

Count 6: On February 19, 2007, taxpayer "B.B." falsely claimed itemized deductions totaling $51,018 for tax year 2006.

Count 7: On May 1, 2006, taxpayer "L.L." falsely claimed itemized deductions and business expenses totaling $67,967 for tax year 2005.

Count 8: On February 5, 2007, taxpayer "L.L." falsely claimed itemized deductions totaling $40,349 for tax year 2006.

Count 9: On February 11, 2008, taxpayer "L.L." falsely claimed itemized deductions and exemptions totaling $28,452 for tax year 2007.

Count 10: On February 20, 2006, taxpayer "G.J." falsely claimed itemized deductions totaling $38,972 for tax year 2005.

Count 11: On February 5, 2007, taxpayer "G.J." falsely claimed itemized deductions totaling $29,305 for tax year 2006.

Count 12: On February 27, 2006, taxpayer "C.J." falsely claimed itemized deductions and earned income credit totaling $25,151 for tax year 2005.

> Count 13: On February 5, 2007, taxpayer "C.J." falsely claimed itemized deductions and earned income credit totaling $15,173 for tax year 2006.
>
> Count 14: On February 27, 2006, taxpayer "W.D." falsely claimed itemized deductions totaling $39,543 for tax year 2005.
>
> Count 15: On February 5, 2007, taxpayer "W.D." falsely claimed itemized deductions totaling $40,540 for tax year 2006.
>
> Count 16: On February 4, 2008, taxpayer "W.D." falsely claimed itemized deductions totaling $42,177 for tax year 2007.

See Indictment, ¶ 2. Sullivan has now moved for the dismissal of all of the counts charged in the indictment.

## II. Discussion

In support of her motions, Sullivan first argues that the criminal charges in the indictment should be dismissed because "there are many other available and well established prosecutorial remedial remedies that can be implemented and that are far less invasive providing options which garner much more effective results." See e.g. Mot. to Dismiss Indictment – Count I [Docket No. 31], at 3. As understood by the Court, Sullivan's argument is that the criminal counts charged against her – and the potential criminal penalties associated with those counts – should be dismissed because the Internal Revenue Code, specifically 26 U.S.C. § 7407, permits the Government to seek civil injunctive relief in cases in which a tax return preparer has allegedly engaged in

3

conduct that is subject to criminal penalties.[1]

While it is true that the Code permits the Government to seek civil injunctive remedies against tax return preparers, it does not mandate that the Government seek such remedies in lieu of criminal

---

[1] Section 7407 of Title 26 provides, in relevant part:

(a)  A civil action in the name of the United States to enjoin any person who is a tax return preparer from further engaging in any conduct described in subsection (b) or from further acting as a tax return preparer may be commenced at the request of the Secretary....

(b) In any action under subsection (a), if the court finds –

(1) that a tax return preparer has –

(A) engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title, [or]

....

(D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws, and

(2) that injunctive relief is appropriate to prevent the recurrence of such conduct,

the court may enjoin such person from further engaging in such conduct.  If the court finds that a tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as a tax return preparer.

penalties.  Additionally, in this Circuit, the Government is allowed "discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." United States v. Lawrence, 179 F.3d 343, 348 (5th Cir. 1999) (citing, for purpose of comparison, United States v. Batchelder, 442 U.S. 114, 124 (1979)("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")).  As the Government is not foreclosed from seeking criminal penalties against Sullivan based on the civil injunctive remedies permitted under 26 U.S.C. § 7407, and as the Government is vested with discretion to decide the measure of punishment to seek for alleged criminal offenses, the Court finds that Sullivan's motions to dismiss based on the availability of civil injunctive remedies should be denied.

Sullivan next argues that the criminal charges against her should be dismissed on the basis of selective prosecution.[2]  To establish a prima facie showing of unconstitutional selective prosecution, Sullivan must first "demonstrate that [she was] singled out for prosecution while others similarly situated who committed the same crime were not prosecuted." United States v. Sparks, 2 F.3d 574, 580 (5th Cir. 1993).  Sullivan must then show

---

[2] Sullivan's selective prosecution claim has been offered for "cumulative effect rather than a complete reason for dismissal." See e.g. Mot. to Dismiss Indictment – Count 1, at 6.

5

that "the government's discriminatory selection of her for prosecution was invidious or done in bad faith – i.e., that the government selected its course of prosecution 'because of,' rather than 'in spite of,' its adverse effect upon an identifiable group." Id.

Here, Sullivan argues selective prosecution based on the "total void of other parties" from the indictment including the owners, the managers, and the supervisors of the three tax filing companies identified in discovery. See e.g. Mot. to Dismiss Indictment – Count 1, at 7-8. Sullivan, however, has not provided evidence to show that she was similarly situated to any one of these individuals, or that they committed the same crimes as charged against her but were not prosecuted. Likewise, Sullivan has not shown that she, a paid tax return preparer, was similarly situated to any of the tax return filers referenced in the indictment. Finally, Sullivan suggests selective prosecution claiming that, on more than one occasion, one of the case agents referred to her "by using the 'N' word." The Court finds that even if the agent uttered the racial slurs as alleged, which is denied by the Government, Sullivan's selective prosecution claim would nevertheless fail because she has not shown that that agent motivated the decision of the Government to prosecute. See e.g. United States v. Monsoor, 77 F.3d 1031, 1035 (7th Cir. 1996) (explaining, with regard to a claim of selective prosecution, that

"the animus of a referring agency is not, without more, imputed to federal prosecutors. A defendant must show that the ill will, whoever its bearer, actually motivated his prosecution. Thus, to connect the animus of a referring agency to a federal prosecutor, a defendant must establish that the agency in some way prevailed upon the prosecutor in making the decision to seek an indictment."); United States v. Collins, 972 F.2d 1385, 1398 n.15 (5th Cir. 1992)(finding that a third party's use of racial slurs did not support a selective prosecution claim because "it is simply too far a stretch to argue that because [a third party] made such slurs, the government's decision to investigate and prosecute ... was racially motivated."). For these reasons, the Court finds that Sullivan's motions to dismiss based on her claim of selective prosecution should be denied.

Third, Sullivan argues that the criminal charges against her should be dismissed because the indictment fails to provide "constitutional notice" of the crimes with which she is charged. The United States Court of Appeals for the Fifth Circuit has held, to be sufficient, an "indictment must allege each element of the charged offense, in order to insure that the grand jury finds probable cause that the defendant committed each element, to prevent double jeopardy, and to provide notice to the accused." United States v. Bishop, 264 F.3d 535, 545 (5th Cir 2001). A conviction under 26 U.S.C. § 7206(2), the statute under which

Sullivan is charged, "requires 'proof that the defendant willfully aided, assisted, counseled, or advised another in the preparation or presentation under the internal revenue laws of a document that is fraudulent or false as to any material matter.'" United States v. Clark, 577 F.3d 273, 285 (5th Cir. 2009)(quoting United States v. Clark, 139 F.3d 485, 489 (5th Cir. 1998)).

Here, the subject indictment tracks the language of 26 U.S.C. § 7206(2), and charges that Sullivan:

> [D]id willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040 ... which were false and fraudulent as to material matters, in that they represented that [certain] taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions and credits for items and in amounts hereafter specified, whereas, as the defendant then and there well knew and believed, the said taxpayers were not entitled to claim deductions and credits in said amounts.

See Indictment, ¶ 1. The counts in the indictment also identify: (1) the date on which each alleged criminal violation of 26 U.S.C. § 2706(2) occurred; (2) the identity of the tax return filer who was aided or assisted by Sullivan; (3) the tax year for which each return allegedly containing falsely claimed items was filed; (4) the falsely claimed items contained in each tax return; and (5) the total amount of falsely claimed deductions and credits as to each tax return. Id., ¶ 2.

After reviewing the indictment, the Court finds that it does allege each element of the offenses with which Sullivan is charged

8

and, therefore, her motions to dismiss challenging the sufficiency of the indictment should be denied.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Indictment – Count 1 [Docket No. 31] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 2 [Docket No. 32] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 3 [Docket No. 33] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 4 [Docket No. 34] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 5 [Docket No. 35] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 6 [Docket No. 36] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 7 [Docket No. 37] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 8 [Docket No. 38 & 39] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 9 [Docket No. 40] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 10 [Docket No. 41] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 11 [Docket No. 42] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 12 [Docket No. 43] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 13 [Docket No. 44] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 14 [Docket No. 45] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 15 [Docket No. 46] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment – Count 16 [Docket No. 47] is hereby denied.

SO ORDERED this the 23rd day of September, 2010.

                                                s/William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE