IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF

V.                          CRIMINAL ACTION NO:  3:10CR17WHB-LRA-001

PATRICIA ANN SULLIVAN
a/k/a Patricia Hallmon Sullivan a/k/a Patricia Odom          DEFENDANT

CURTIS FLOWERS                              APPLICANT/MOVANT

APPLICATION/MOTION FOR COPIES OF ALL LETTERS SUBMITTED IN CONNECTION
WITH DEFENDANT'S SENTENCING

COMES NOW Curtis Flowers, Applicant/Movant, through counsel, and pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, seeks an order from this Court granting him access to Attachment 1 to Document 70 in the above styled and numbered matter (presentencing letters attached to Presentence Investigation Report), as well as any other presentencing letters or other communications from any person concerning sentencing of Defendant in the instant matter submitted to, referred to or considered by the Court in connection with sentencing proceedings herein, and the right to obtain copies of same, and in support thereof would show as follows:

1.      The indictment in the instant prosecution of PATRICIA ANN SULLIVAN a/k/a Patricia Hallmon Sullivan a/k/a Patricia Odom Sullivan (hereafter "Sullivan") was filed on or about February 10, 2010 alleging the commission by Sullivan of multiple violations of 26 U.S.C. § 7206(2), Assisting in the Preparation of False Tax Returns, over the period between April 2005 and February 2008.  On or about September 30, 2010, Patricia Ann Sullivan Defendant a/k/a Patricia Hallmon Sullivan, a/k/a Patricia Odom (hereafter "Sullivan") was convicted after trial by jury on eight counts of Assisting in the Preparation of False Tax Returns in violation of 26 U.S.C

§ 7206(2) under the February 17, 2010 indictment.  On or about January 5, 2011 this Court held a sentencing hearing and sentenced Sullivan to a term of incarceration on those convictions.  The transcript of that hearing, redacted of identifying information regarding innocent parties in accordance with local rules, is attached hereto and incorporated herein as Exhibit 1 to this Motion (hereafter "Sent. Tr.").

2.      As Exhibit 1 reveals, while Sullivan was under indictment in this matter, on or about June 18, 2010, Applicant Curtis Flowers (hereafter "Flowers") was convicted of four counts of capital murder, and on June 19, 2010, was sentenced to death on all four of those conviction in Case No. 2003-0071-CR in Montgomery County, Mississippi.  Defendant Sullivan was a material witness for the State of Mississippi against Mr. Flowers, testifying in that matter on or about June 12, 2010, during the pendency of the charges in the instant matter against Sullivan, and in five others that preceded it, including testimony given during three proceedings relevant to the Flowers prosecution occurring during the time frame covered by the indictment in the instant matter. Sent. Tr. at 54-56. [1]

3.      Exhibit 1 also reveals that at Sullivan's sentencing hearing before this court, the presentencing letters sought to be disclosed were considered and made part of the Presentence Investigation Report by this Court,including but not limited to presentencing letters submitted under cover of a presentencing letter from the Doug Evans, the District Attorney for the Mississippi Fifth Circuit Court District, the prosecuting attorney in the Montgomery County prosecution of applicant. Sent. Tr. at 6.  There was also allocution by Defendant Sullivan herself,

---

[1] Post-trial motions in the Montgomery County prosecution of Applicant, including the motion for a new trial, were finally disposed of on August 4, 2010.  A notice of appeal of that matter was timely filed thereafter by Mr. Flowers, and his conviction and sentence is presently pending in Mississippi Supreme Court Case No. 2010-DP-01248-SCT on the mandatory appeal required in all cases in which a death sentence has been imposed.  The record in that matter was not, however, filed with the Mississippi Supreme Court until February 14, 2012.   This motion is made as soon as practical after that filing, which provided the official record of what makes access to the sentencing comment letters in Defendant Sullivan's case necessary for the reasons stated in this motion.

and the factual statements of one of her counsel, a former assistant district attorney in Mr. Evans' office, concerning Sullivan's role as an investigative source and witness in the Montgomery County Flowers prosecutions as a factor warranting mitigation of Sullivan's sentence in the instant matter. Sent. Tr. at 54-56.

4. Mississippi recognizes the clear possibility that a witness facing his or her own criminal difficulties may be a significantly less reliable witness than one not facing such issues, and does not hesitate to ensure that any jury hearing such testimony is aware of those circumstances. Moore v. State, 787 So. 2d 1282 (Miss. 2001), McNeal v. State, 551 So. 2d 151, 158 n.2 (Miss. 1989). See also Dedeaux v. State, 87 So. 664, 665 (Miss. 1921) (citing Wilson v. State, 71 Miss. 880, 16 So. 304 (1894). Even without an agreement, if a witness is only hoping for some sort of benefit in her own criminal problems, such hopes may serve an even greater incentive for her to have testified more favorably to the State than otherwise. [2]

5. The foregoing factual and legal matters raise an issue in the pending State prosecution against Flowers that may need to be litigated in the state courts relating to nondisclosure of information concerning prosecution of Sullivan in the instant matter prior to Sullivan's testimony in the pending State prosecution. These issues arise under the Sixth and Fourteenth Amendments to the United States Constitution and/or under applicable Mississippi law relating to discovery and disclosure in criminal proceedings. Disclosure of the documents

---

[2] State and federal courts recognize the importance of disclosure of this kind of information as fundamental according a criminal accused his rights to due process and to a fair trial. Bagley, 473 U.S. at 676-77 Hughes v. State, 735 So. 2d 238, 253 (Miss. 1999); Malone v. State, 486 So. 2d 367, 368 (Miss. 1986). See also Strickler v. Greene, 527 U.S. 263, 282 n. 21 (1999) ("[o]ur cases make clear that Brady's disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness"); Little v. State, 736 So. 2d 486, 489 (Miss. Ct. App. 1999) (duty of State to investigate and disclose). See also Arizona v. Youngblood, 488 U.S. 51, 58 (1988)).

sought herein is required in order that Applicant Flowers and his state counsel may determine whether such issues in fact exist, and to litigate them appropriately in the event they do. [3]

6.      All Courts must observe a heightened level of regard for the substantive and procedural rights of a capitally charged individual. Woodson v. North Carolina, 428 U.S. 290, 305 (1976); Simmons v. State, 805 So.2d 452, 472 (Miss.2001).      See also Caldwell v. Mississippi, 472 U.S. 320, 329-330 (1985); Lockett v. Ohio, 438 U.S. 586, 604 (1978) ("qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed").   This applies not only to matters pertaining to the sentencing phase of such proceedings, but also, under both federal and Mississippi state law, to the culpability phase as well.   See Murray v. Giarrantano, 492 U.S. 1, 8-9 (1989) (citing cases pertaining to determination of guilt rather than only sentencing);   Flowers v. State, 842 So.2d 531 (Miss. 2003) (reversal of earlier conviction of Applicant in same matter, citing heightened scrutiny standard and reversing conviction for numerous culpability phase errors including Batson violation by the prosecution).

7.      For the foregoing reasons, Flowers respectfully that he has made a "compelling demonstration that disclosure  . . . . is required to meet the ends of justice." U.S. Dept. of Justice v. Julian, 486 U.S. 1, 13 (1988), and in particular his needs under the Fifth, Sixth and Fourteenth

_____

[3] See Kyles v. Whitley, 514 U.S. 419 (1995) ((Due process right to receive information impeaching of State's witnesses). Chambers v. Mississippi, 410 U.S. 284 (1973) (Sixth Amendment right to confront witnesses). See also United States v. Garcia, 531 F.2d 1303, 1306-07 (5th Cir. 1976)), Blankenship v. Estelle, 545 F.2d 510, 513 (5th Cir. 1977) (specifically including information that a prosecutors' witness has been arrested or charged in any other proceeding). See also Love v. State, 441 So. 2d 1353, 1355-57 (Miss. 1983); Little v. State, 736 So. 2d 486, 489 (Miss. Ct. App. 1999) (citing Boches v. State, 506 So. 2d 254, 263 (Miss. 1987)) Gowdy v. State, 592 So. 2d 29, 35 (Miss. 1991) In Re J.E., 726 So. 2d 547, 550 (Miss. 1998) (Mississippi constitutional law).   See also Uniform Circuit and County Court Rules applicable to criminal prosecutions in the state of Mississippi. UCCCR 9.04A.6 (requiring disclosure of impeaching or exculpatory information regarding State's witnesses), Miss. R. Evid. 608(b) (permitting impeachment by cross examination with prior conduct indicative of dishonesty other than convictions). The record in the Montgomery County prosecution of Applicant reveals that despite the foregoing law, and an order requiring provision of updated NCIC-type criminal history to the defense regarding all States' witnesses, the existence of Sullivan's pending federal charges or the fraudulent conduct underlying them was not disclosed to Applicant Flowers by the State of Mississippi. at any time prior to or during the June 2010 testimony of Sullivan.

Amendments to his defense of the matter in which the defendant in the instant matter was a witness. Disclosure of sentencing letters to the general public, which is not sought in the instant motion, has been approved in other prosecutions in the federal courts located in the State of Mississippi, even where the constitutional considerations pertaining to Applicant's situation exist. See, e.g., U.S. v Langston, No. 1:08-cr-00003-MPM-JAD, 2008 WL 5156625 (N.D.Miss. December 8, 2008, Order) and U.S. v. Scruggs, No. 3:07CR00192-B-A, 2008 WL 2559384 (N.D.Miss. June 23, 2008, Order)) (neither reported in F. Supp. 2nd). [4]

8.     To the extent that Sullivan's privacy interests are implicated, her position as a state's witness in the state prosecution, and her claiming and making testimonial statements and offering sentencing support letters regarding that participation in mitigation of sentence for her own criminal activities, effectively waives those protections in any event.

WHEREFORE, PREMISES CONSIDERED, Applicant Curtis Flowers moves for an Order from this Court granting him access to and the right to obtain copies of Attachment 1 to Document 70 in the above styled and numbered matter (presentencing letters attached to Presentence Investigation Report), as well as any other presentencing letters or other communications from any person concerning sentencing of Defendant in the instant matter submitted to, referred to or considered by the Court in connection with sentencing proceedings herein, subject to an appropriate protective order protecting the identity of innocent parties and victims in the instant matter, if this Court finds that to be desirable.

Respectfully submitted,

CURTIS FLOWERS, Applicant/Movant

---

[4] Moreover, on information and belief, the courts of the Southern District of Mississippi have, subsequent to treating those letters in Sullivan's matter as part of the non-publically available presentence investigation report, adopted a policy of treating presentencing letters like most other pleadings and documents in criminal matter and filing them in the publically available record. Disclosure of those letters to Applicant would therefore be consistent with present policy.

BY: _s/Alison Steiner_
Attorney for Applicant

Alison Steiner MB # 7832
Office of the State Public Defender
Capital Defense Counsel Division
239 N. Lamar St., Suite 604
Jackson, MS 39201
601-576-2314

<u>Certificate of Service</u>

Undersigned counsel for Applicant hereby certifies that on February 22, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

David Michael Hurst, Jr., email: mike.hurst@usdoj.gov, United States Attorney;

Mark K. Horan, email: horanandhoran1@bellsouth.net, counsel for Defendant Patricia Ann Sullivan a/k/a Patricia Hallmon Sullivan a/k/a Patricia Odom Sullivan.

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: Any of the above, if any that I receive notice from the clerk was not electronically notified.

_S/Alison Steiner_
Attorney for Applicant