# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                          **CRIMINAL NO. 3:10-cr-17-WHB**

**PATRICIA SULLIVAN**

**CURTIS FLOWERS**                                                     **APPLICANT/MOVANT**

## OPINION AND ORDER

This cause is before the Court on the Application/Motion of Curtis Flowers ("Flowers"), for Copies of All Letters Submitted in Connection with Defendant's Sentencing in the above referenced criminal matter. Having considered the Application, the attachments thereto, the Response of the Government, as well as supporting and opposing authorities, the Court finds the Motion is not well taken and should be denied.

## I. Discussion

In this criminal case, Defendant, Patricia Ann Sullivan ("Sullivan"), was convicted of eight counts of assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2). Prior to sentencing, several individuals submitted letters regarding Sullivan's character and/or requesting leniency during the sentencing phase. All of the letters were later

attached as an exhibit to the Pre-sentencing Investigation Report ("PSR"), which was placed under seal.

Relevant to the matter currently pending before the Court, a letter was submitted by Doug Evans ("Evans"), the District Attorney for the Mississippi Fifth Circuit Court District. Evans is identified as the prosecuting attorney in the case of <u>State v. Curtis Flowers</u>, a capital murder case in which Sullivan testified as a material witness for the prosecution. Flowers has now moved, pursuant to the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, for copies of all of the letters attached as an exhibit to the PSR, including that from Evans, "as well as any other presentencing letters or other communications from any person concerning [Sullivan's sentencing that were] submitted to, referred to or considered by the Court in connection with [the] sentencing proceedings..." <u>See</u> Mot. [Docket No. 76], 1. Flowers argues that he is in need of these materials because they may show that Sullivan's testimony in his state court criminal proceeding may have been influenced by her desire to obtain a more favorable sentence in this Court.

The United States Court of Appeals for the Fifth Circuit recognizes the "general presumption that courts will not grant third parties access to the presentence reports of other individuals." <u>United States v. Huckaby</u>, 43 F.3d 135, 138 (5th Cir. 1995)(quoting <u>United States v. Smith</u>, 13 F.3d 860, 867 (5th Cir.

2

1994)). The Fifth Circuit, however, has also recognized that, in cases in which "a compelling, particularized need for disclosure is shown" a district court may disclose a presentencing report provided it limits "disclosure to those portions of the report which are directly relevant to the demonstrated need." Huckaby, 43 F.3d at 138 (quoting United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989)).

Here, Flowers has requested copies of all of the presentecing letters received by the Court on Sullivan's behalf as well as copies of "other communications from any person concerning [Sullivan's sentencing that were] submitted to, referred to or considered by the Court in connection with [the] sentencing proceedings..." With the exception of the Evans letter, which will be discussed below, the Court finds Flowers has not shown a compelling, particularized need for disclosure of all of the presentencing materials he has requested as there has been no showing that they relate, in any manner, to his criminal conviction.

As regards the Evans letter, the Court finds Flowers has likewise not shown a compelling, particularized need for disclosure. Specifically, Flowers argues that the Evans letter may be relevant in his criminal proceeding because it demonstrates a motive on the part of Sullivan to give testimony favorable to the State in that proceeding, i.e. Sullivan may have provided testimony

3

favorable to the State during Flowers's criminal trial in the hopes of obtaining a more lenient sentence in this Court. The information Flowers seeks, however, can all be gleaned from Sullivan's sentencing transcript which expressly establishes that: (1) Sullivan was under federal indictment at the time she testified in Flowers's most recent criminal proceeding; (2) Evans submitted a presentencing letter on Sullivan's behalf to this Court; (3) the Court considered all of the letters it had received prior to Sullivan's sentencing; and (4) Sullivan's Sentencing Guideline Range was between 33 and 41 months, and the Court sentenced her to a term of imprisonment of 36 months. <u>See</u> Tr. 5-6, 52. As information regarding the receipt and consideration of Evans's presentencing letter, as well as information regarding Sullivan's sentence is already available through the Sentencing Transcript, the Court finds Flowers has failed to demonstrate a compelling or particularized need for the specific content of the letter itself. In other words, the Court finds that the specific content of the Evans letter is immaterial because Flowers is already in possession of the information he argues he needs to challenge the credibility of Sullivan's testimony in his state criminal proceeding – namely that Sullivan testified in favor of the State in his criminal case, and the prosecuting attorney in that case later submitted a presentencing letter on her behalf to this Court.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Application/Motion of Curtis Flowers for Copies of all Letters Submitted in Connection with Defendant's Sentencing [Docket No. 76] is hereby denied.

SO ORDERED this the 11th day of April, 2012.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE